**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Tervin Goodman,<br><br>   Petitioner,<br> v.<br><br>Warden of Broad River Correctional Institution,<br><br>   Respondent. | Case No. 2:23-cv-00206-RMG<br><br>**ORDER AND OPINION** |

  This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 18), recommending that the Court grant summary judgment for Respondent and dismiss the Petition for a writ of habeas corpus. Petitioner objected to the R&R (Dkt. No. 20), and Respondent relied in support of the R&R (Dkt. No. 21). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses the Petition.

**I. Background**

  On September 19, 2011, Petitioner was convicted and sentenced for murdering Mary Hunter, a sixty-seven-year-old woman, and for burglarizing her home. (Dkt. No. 1 at 1). For each conviction, he was sentenced to life in prison. (*Id.*). Petitioner did not file a direct appeal of his conviction or sentence. (*Id.* at 2).

  On May 9, 2012, Petitioner filed his first application for post-conviction relief ("PCR"), arguing that his sentence was unconstitutional in light of *Graham v. Florida*, 560 U.S. 48 (2010), given that he was seventeen years old when he committed the crime. (Dkt. No. 10 at 2). On April 7, 2016, Petitioner's first-degree burglary sentence was vacated, and he was granted a new sentencing hearing. (*Id.*).

On October 5, 2017, the Honorable William H. Seals, Jr presided over Petitioner's resentencing hearing. (*Id.*). Upon Petitioner's motion, Judge Seals agreed to address resentencing for both charges during the October 5, 2017 hearing. (*Id.*). After considering the evidence presented by Petitioner—who was represented by Counsel Timothy Murphy—and the State, Judge Seals sentenced Petitioner to life in prison for murder and sentenced Petitioner to a consecutive thirty-year prison sentence for first-degree burglary. (*Id.* at 3). Petitioner did not appeal his new sentence. (*Id.*).

The time between the conclusion of Petitioner's first PCR action and the commencement of his second PCR is legally significant. *See infra* III.A. Petitioner was resentenced on October 5, 2017, and did not appeal his new sentence. Petitioner filed his second PCR application on August 6, 2018.

On August 6, 2018, Petitioner filed his second PCR application. (Dkt. No. 1 at 4). Petitioner asserted that his counsel was ineffective because he: (1) failed to present proper mitigation; (2) failed to object to certain testimony; and (3) failed to file an appeal on Petitioner's behalf. (*Id.*). On April 15, 2019, Judge Curtis denied Petitioner's application for PCR:

> The Court viewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court has reviewed the Clerk of Court records regarding the subject convictions, the plea transcript, and the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, and the legal arguments made by the attorneys. . .
> \*\*\*
> The Court finds Applicant has failed to meet his burden of proving he is entitled to post-conviction relief on any of his allegations of ineffective assistance of counsel. Applicant has failed to prove both deficiency on the part of Counsel and any prejudice therfrom. Furthermore, after observing the witnesses and passing on their

> credibility, this court finds Counsel's testimony to be credible. By contrast, this Court finds Applicant's testimony lacks credibility.

(Dkt. No. 10-1 at 159–60).

On July 29, 2020, Petitioner filed a Petition for Writ of Certiorari appealing the second PCR court's Order of Dismissal. (Dkt. No. 10-4). On August 19, 2022, certiorari was denied. (Dkt. No. 10-8). The remittitur was issued on September 15, 2022, and filed on September 19, 2022. (Dkt. No. 10-9).

Petitioner then filed the instant habeas petition on January 14, 2023. (Dkt. No. 1.) In his Petition, he raises the following grounds for relief:

> (1) Petitioner's resentencing hearing did not comport with the Constitutional requirements set forth in *Miller v. Alabama* and his life without parole sentence is in violation of the Eighth Amendment[.]
> ***
> (2) Petitioner received ineffective assistance of counsel when trial counsel failed to appeal Petitioner's sentence of life without parole for an offense he committed as [a] juvenile.

(*Id.* at 17, 21).

After requesting and receiving an extension of time, Respondent filed a Return and Motion for Summary Judgment on May 17, 2023. (Dkt. Nos. 10, 11) Petitioner filed a Response to the Motion for Summary Judgment on May 30, 2023. (Dkt. No. 12) Respondent replied on June 6, 2023. (Dkt. No. 14). On December 13, 2023, the Magistrate Judge issued an R&R (Dkt. No. 18), recommending that the Court grant Respondent's motion for summary judgment, dismiss the case with prejudice, and decline to issue a certificate of appealability. Petitioner objected to the R&R (Dkt. No. 20), and Respondent replied in support of the R&R (Dkt. No. 21). This matter is ripe for the Court's review.

II. **Legal Standard**

   A. **Report and Recommendation**

   The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

   B. **Summary Judgment**

   Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C. Habeas Corpus

#### 1. Standard for Relief

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also White*, 134 S. Ct. at 1702 (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

5

comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Harrington*, 562 U.S. at 103).

Therefore, when reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and providing that "even clear error will not suffice") (internal quotation marks and citation omitted). Moreover, review of a state court decision does not require an opinion from the state court explaining its reasoning. *See Harrington* at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102. The state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Default

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d

907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).

Generally, a federal habeas court should not review the merits of claims procedurally defaulted (or barred) under independent and adequate state procedural rules. *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

D. *Miller v. Alabama*

In *Miller v. Alabama,* the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment[]." 567 U.S. 460, 465 (2012). The South Carolina Supreme Court has held that "whether their sentence is mandatory or permissible, any juvenile offender who receives a sentence of life without the possibility of parole is entitled to the same constitutional protections afforded by the Eighth Amendment's guarantee against cruel and unusual punishment." *Aiken v. Byars*, 410 S.C. 534, 544 (2014).

As South Carolina Supreme Court stated in *Aiken*,

> *Miller* establishes a specific framework, articulating that the factors a sentencing court consider at a hearing must include: (1) the chronological age of the offender and the hallmark features of youth, including "immaturity, impetuosity, and failure to appreciate the risks and consequence"; (2) the "family and home environment" that surrounded the offender; (3) the circumstances of the homicide offense, including the extent of the offender's participation in the conduct and how familial and peer pressures may have affected him; (4) the "incompetencies associated with youth—for example, [the offender's] inability to deal with police officers or prosecutors (including on a plea agreement) or [the offender's] incapacity to assist his own attorneys"; and (5) the "possibility of rehabilitation."

410 S.C. at 544 (quoting *Miller*, 567 U.S. at 477).

### E. Ineffective Assistance of Counsel

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under

§ 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).  When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.*  In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards." *Id.*

### III. Discussion

#### 1. Objection Number One: Timeliness under the AEDPA

Petitioner objects to the Magistrate Judge's finding that the Petition is untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1).  There are a few dates that are relevant to the Court's review of this issue:

> September 19, 2011: Petitioner convicted and sentenced.
> May 9, 2012: Petitioner filed first PCR.
> October 5, 2017: Petitioner resentenced.
> *(time between conclusion of first PCR and filing of second PCR)*
> August 6, 2018: Petitioner filed second PCR.

Petitioner argues that the time between October 5, 2017 (when he was resentenced) and August 6, 2018 (when he filed his second PCR) should not be considered for the purposes of the statute of limitations. (Dkt. No. 20 at 4).  He argues that by virtue of filing a second PCR, the conclusion of the first PCR did not amount to a final judgment that resumes the statute of limitations. (*Id.*).

The Court finds that Petitioner's objection is without merit.  The one-year statute of limitations only tolls during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

9

Between October 5, 2017 and August 6, 2018, Petitioner had no properly filed applications for State post-conviction review. Therefore, that time clearly counts toward the statute of limitations. Accordingly, the Court overrules Petitioner's objection and finds that the petition is untimely. *See* (Dkt. No. 18 at 8–11).

### 2. Objection Number Two: Procedural Default of Ground One

Petitioner objects to the Magistrate Judge's finding that Ground One is procedurally defaulted because Petitioner did not appeal his sentence. (Dkt. No. 18 at 15). There is no dispute that Petitioner did not appeal his sentence. For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner objects that he has made this showing such that his procedural default is excused. (Dkt. No. 20 at 5). As discussed *infra* III.4, the Court finds that Petitioner's ineffective assistance of counsel claims fails. Accordingly, the Court overrules Petitioner's objection. The Court finds that Petitioner procedurally defaulted Ground One and that the default is not excused.

### 3. Objection Number Three: Merits of Ground One

Petitioner objects to the Magistrate Judge's finding that Petitioner's resentencing hearing comported with the requirements set forth in *Miller v. Alabama.* (Dkt. No. 20 at 7). Petitioner's objected that the resentencing judge "ignored the evidence that contradicted the picture the court choice to paint of the Petitioner." (Dkt. No. 20 at 8). *Miller* "allowed life-without-parole sentences for defendants who committed homicide when they were under 18, but only so long as the sentence is not mandatory—that is, only so long as the sentencer has discretion to 'consider the mitigating

qualities of youth' and impose a lesser punishment." *Jones v. Mississippi*,141 S. Ct. 1307, 1314 (2021) (quoting *Miller*, 567 U.S. at 476).

The Court overrules Petitioner's objections and finds, like the Magistrate Judge, that the resentencing judge listened to all the evidence and arguments presented and considered each of the requite factors before resentencing Petitioner. Although it is clear that Petitioner disagrees with the findings of the resentencing judge, the judge considered the *Miller* factors and set forth a reasonable explanation for the sentence he imposed. *See* (Dkt. No. 10-1 at 111-14).

Petitioner does not argue that the resentencing judge was required to make a different finding or that judge's finding contrary to law. This Court's role is not to second guess the reasonable fact finding of a state court but "to guard against extreme malfunctions in the state criminal justice systems." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quotations and citations omitted). Accordingly, the Court overrules Petitioner's objections and finds that resentencing Judge reasonably applied *Miller*.

### 4. Objection Number Four: Merits of Ground Two

Petitioner objects to the Magistrate Judge's finding that Petitioner cannot make the requisite showing that his sentencing counsel was ineffective for failing to inform him of his right to appeal his sentence following the resentencing hearing. (Dkt. No. 20 at 8–9). Petitioner argues that counsel "simply failed to undertake the simple task of consulting with his client about an appeal after the resentencing hearing and as such violated Petitioner's rights." (*Id.* at 9).

The Court overrules Petitioner's objections. When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether

11

"there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards.'" *Id.* As laid out *supra* I, Judge Curtis "viewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly." (Dkt. No. 10-1 at 159). From her front-row seat, she found that Petitioner "failed to meet his burden of proving he is entitled to post-conviction relief on any of his allegations of ineffective assistance of counsel." (*Id.* at 160). As the Magistrate Judge reasoned, this Court's role is not to second-guess the state court's fact-finding; it is to "guard against extreme malfunctions in the state criminal justice systems." *Harrington*, 562 U.S. at 102 (citation and internal quotation marks omitted). Accordingly, the Court overrules Petitioner' objections and finds that Petitioner's ineffective assistance of counsel claim fails.

### 5. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). An incarcerated person satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IV.     Conclusion**

Based on the reasons set forth above, the Court overrules Petitioner's objections (Dkt. No. 20) and adopts the R&R (Dkt. No. 18) as the Order of the Court.  The Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

February 6, 2024
Charleston, South Carolina